# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

SHIRLEY RHYNES-HAWKINS,                )
                                       )
        Plaintiff,                   )
                                       )
v.                                     )         No. 06-2763-STA-egb
                                       )
JOHN E. POTTER, et al.,                )
United States Postal Service,          )
                                       )
        Defendant.                   )

## ORDER DENYING PLAINTIFF'S PRO SE MOTION FOR RECONSIDERATION

Before the Court is Plaintiff's Pro Se Motion for Reconsideration (D.E. # 80) filed on December 28, 2009.  Defendant has filed a response in opposition to Plaintiff's Motion on January 5, 2010.  For the reasons set forth below, the Motion is **DENIED**.

## BACKGROUND

On December 15, 2009, the Court granted Defendant's motion for summary judgment and denied Plaintiff's motion for partial summary judgment (D.E. # 76).  The Court concluded that Defendant was entitled to summary judgment on the following claims Plaintiff had conceded in her briefs: sex and race discrimination, her judicial challenge to the Merit Systems Protection Board's ("the MSPB") decision to affirm Plaintiff's removal, her Privacy Act claims, and any claims against Office of the Inspector General Agent Johnson.[1]  The Court went on to hold that

---

[1] Order Granting Def.'s Mot. Summ. J., Denying Pl.'s Mot. Partial. Summ. J., December 15, 2009.

Plaintiff had failed to make out her prima facie case for her Family Medical Leave Act

("FMLA") interference claim.  As for her FMLA retaliation claim, the Court held that Plaintiff

had adduced sufficient evidence to make out a prima facie case but could not demonstrate that

Defendant's proffered reason for her termination was pretextual.  Finally, the Court concluded

that Plaintiff could not show a causal connection between her protected activity and the adverse

employment actions taken by Defendant to make out her claim for retaliation under Title VII.

Plaintiff has now filed the Motion before the Court seeking reconsideration of the Court's

previous decision.  Plaintiff states, "In accordance with the Court's Order, Plaintiff sets forth

additional evidence" in support of her FMLA and Title VII claims.  Plaintiff proceeds to recount

many of the same facts the Court considered in its previous Order as well as assert new facts

which were not presented in the record previously before the Court.  For example, some of the

new evidence concerns various allegations against OIG Investigator Johnson and the manner in

which he conducted his investigation of Plaintiff's activities.  Other new evidence provides

examples of postal employees whom Plaintiff contends were treated more favorably than she for

similar violations of postal policy.  Plaintiff has attached eighty-one (81) pages of exhibits in

support of her Motion.

Defendant has responded in opposition to the Motion.  After briefing the applicable

standard of review for motions to reconsider, Defendant argues that it would be inappropriate for

the Court to consider any new evidence at this stage of the case.  Plaintiff has not shown that the

new evidence was previously unavailable.  Furthermore, Defendant attempts to identify other

issues raised in Plaintiff's Motion such as clear legal error in the Court's holding that Plaintiff

could not rely on temporal proximity to show pretext in her FMLA retaliation claim.  Defendant

also argues that much of the evidence included with Plaintiff's Motion is not new evidence or was not previously unavailable.

## ANALYSIS

Although the Federal Rules of Civil Procedure do not specifically recognize motions for reconsideration, Rule 59(e) provides that parties can file a motion to alter or amend a judgment within ten days of entry of that judgment.[2]  Motions under Rule 59(e) may be based upon one of the following reasons: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) to prevent manifest injustice.[3]  Rule 59(e) motions should not be based on legal arguments or evidence that the movant simply failed to raise in the earlier motion.[4]

Furthermore, "where the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal."[5]  Any motion made pursuant to Rule 59(e) must also state with particularity the grounds for the relief sought in the motion.[6]

The Court finds that Plaintiff has failed to present any basis to reconsider the Court's

---

[2] Fed. R. Civ. P. 59(e).

[3] *Betts v. Costco Wholesale Corp.,* 558 F.3d 461, 474 (6th Cir. 2009).

[4] *See Exxon Shipping Co. v. Baker*, 128 S.Ct. 2605, 2617 n.5 (2008) (citing 11 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2810.1 pp. 127-128 (2d ed. 1995)); *Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007).

[5] *Helton v. ACS Group*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997) (quoting *Keweenaw Bay Indian Cmty. v. Michigan*, 152 F.R.D. 562, 563 (W.D. Mich. 1992), *aff'd* 11 F.3d 1341 (6th Cir. 1993)).

[6] *Intera Corp. v. Henderson*, 428 F.3d 605, 611 (6th Cir. 2005).

3

previous order granting summary judgment in favor of Defendant.  As an initial matter, the Court

is not satisfied that Plaintiff has stated the grounds for her motion with the requisite particularity.

The Court finds that Plaintiff has forced both the Court and the responding party to hypothesize

about what Plaintiff's arguments for reconsideration are.  Thus, Plaintiff's Motion does not

comply with the particularity requirements of Rule 7(b)(1).

Even construing Plaintiff's Motion for Consideration in a light most favorable to

Plaintiff, the Court finds no merit to Plaintiff's Motion.  The Motion fails to identify any clear

error of law or intervening change in controlling law, which would lead the Court to reconsider

its decision in this matter.  It appears to the Court that Plaintiff has proffered some additional

evidence not previously in the record before the Court at the summary judgment stage.  In so far

as Plaintiff has stated that she is submitting this evidence "[i]n accordance with the Court's

Order," Plaintiff has misconstrued the Court's Order Granting Defendant's Motion for Summary

Judgment entered on December 15, 2009.  In order to prevail on a motion for reconsideration,

Plaintiff must demonstrate that any new evidence was previously unavailable.  Plaintiff has not

indicated that the new evidence was not available before now.  Absent such a showing, the Court

is left to find that Plaintiff simply failed to include the evidence in its previous briefs.  The Court

declines to reconsider its decision on the basis of evidence that Plaintiff could have offered

earlier but chose not to provide.  Likewise, to the extent that Plaintiff has proffered the same

evidence and legal arguments here as she did at summary judgment, the Court finds that Plaintiff

"is attempting to obtain a complete reversal of the court's judgment by offering essentially the

same arguments presented on the original motion."  Therefore, Plaintiff's Motion to Reconsider

is **DENIED**.

4

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**

S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: January 15th, 2010