## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| **SHIRLEY RHYNES-HAWKINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 06-2763-STA-egb** |
| | ) | |
| **JOHN E. POTTER, et al.,** | ) | |
| **United States Postal Service,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER DENYING PLAINTIFF'S PRO SE SUPPLEMENTAL MOTION FOR RECONSIDERATION

Before the Court is Plaintiff's Pro Se Supplemental Motion for Reconsideration (D.E. # 86) filed on January 15, 2010.  The Court entered an Order Denying Plaintiff's Motion for Reconsideration (D.E. # 85) on the same day the Motion before the Court was filed.[1]  In the Motion before the Court, Plaintiff has produced two affidavits from postal employees, which Plaintiff contends is new evidence.  Plaintiff has cited what she believes are clear errors of law in the Court's previous rulings.  Even if the Court had had the benefit of the material submitted in Plaintiff's Supplemental Motion, the Court finds that Plaintiff's Motion is not well taken.

First, Plaintiff has produced what she argues is newly discovered evidence, namely, two

---

[1] It appears to the Court that Plaintiff filed her supplement at 10:01 A.M., and the Court entered its Order at 1:18 P.M.  Because Plaintiff is acting pro se, Plaintiff did not file her supplemental material electronically.  As a result, the Court was not aware of the supplemental Motion until the Clerk of Court docketed it electronically on Tuesday, January 19, 2010, the next business day on which the Court was open.

affidavits from postal employees who corroborate statements alleged in Plaintiff's Complaint

and in her summary judgment briefs.  Plaintiff states that these two witnesses "recently and

voluntarily came forward and agreed to provide sworn affidavits."  In order to constitute "newly

discovered" evidence for purposes of Rule 59(e), the new evidence must have been previously

unavailable.[2]  Here the affidavits Plaintiff has produced are dated January 11, 2010, making them

previously unavailable in a technical sense.  However, Plaintiff has not demonstrated that it was

beyond her power or control to obtain the same evidence prior to the Court's order granting

summary judgment in favor of Defendant.[3]  In fact, the affidavits purport to confirm statements

Plaintiff alleged in her own Complaint and cited in her summary judgment briefs.  Thus, the

statements were not unknown to Plaintiff, and Plaintiff has failed to show why she could not

have deposed the same affiants or others with similar knowledge before now.  Therefore, the

Court declines to reconsider its previous decision on the basis of these affidavits.

Second, Plaintiff has argued that the Court's misapplication of 29 C.F.R. §§ 825.307 &

308 was a clear error of law.  Plaintiff asserts that she "did not fall into any" of the circumstances

governing re-certification set forth in 29 C.F.R. § 825.308.  The Court's previous ruling was not

based on 29 C.F.R. § 825.308 and the language Plaintiff cites from that regulation was never

cited or discussed in the Court's previous Order.  With respect to 29 C.F.R. § 825.307, Plaintiff

apparently restates her argument that Defendant violated the regulation by having an investigator

from the Office of Investigator General obtain Plaintiff's medical records from her doctor.  The

---

[2] *CGH Transport, Inc. v. Quebecor World, Inc.*, 261 Fed. Appx. 817, 824 (6th Cir. 2008); *GenCorp., Inc. v. American Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

[3] *GenCorp.*, 178 F.3d at 834.

Court finds that this argument simply seeks "a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion."  Plaintiff has not offered any additional legal authority to support her position that the Court misapplied the regulation.  Therefore, the Court holds that Plaintiff's assignments of clear error are without merit.

For these reasons, Plaintiff's Supplemental Motion to Reconsider is **DENIED**.


**IT IS SO ORDERED**.

s/ **S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:   January 29th, 2010.